# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-20357
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 25, 2023

Lyle W. Cayce
Clerk

Jesus Eden Garcia,

*Plaintiff—Appellant*,

*versus*

Captain T. Lee, *Laundry Captain*; Sergeant Carter, *Laundry Sergeant*; Sergeant Beckham, *Assistant Safety Director*; K. Thornton, *Maintenance Supervisor*; Doctor Betty Williams, *UTMB-CMHC-Ombudsman Medical Infirmary*; Alma Carter,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-116

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Jesus Eden Garcia, Texas prisoner # 02128847 and proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Texas Department of Criminal Justice Captain Thomas Lee, Sergeant Alma Carter, Sergeant Kori

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20357

Beckham, and Maintenance Supervisor Kevin Thornton, claiming they were deliberately indifferent to the hazard posed by a malfunctioning dryer door (defective bolt) which fell on Garcia's head, neck, and back while he was working in the prison's laundry room.  Garcia also included Dr. Betty Williams, a prison-infirmary doctor, claiming she was deliberately indifferent to his medical needs resulting from the incident.

Garcia challenges the summary judgment awarded defendants, based on qualified immunity.  (He has abandoned any challenge to the district court's ruling that the Eleventh Amendment barred his official-capacity claims against defendants by failing to brief them.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1994) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citation omitted)).)

A summary judgment is reviewed *de novo*.  *E.g.*, *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017).  Such judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".  Fed. R. Civ. P. 56(a).

When, as here, however, defendants assert qualified immunity in a summary-judgment motion, "the burden then shifts to the plaintiff, who must rebut the defense".  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  To overcome qualified immunity, Garcia must show:  defendants "violated [, *inter alia*,] his constitutional rights"; and the rights were "clearly established at the time of the alleged misconduct".  *Cleveland v. Bell*, 938 F.3d 672, 675–76 (5th Cir. 2019).

The Eighth Amendment requires prison officials "take reasonable measures to guarantee the safety of the inmates".  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  Not every injury suffered by a

prisoner, however, "translates into" a constitutional violation. *Id.* at 834. Rather, to establish liability, plaintiff must show: a prison condition posed a "substantial risk of serious harm" to the inmate; and the prison official displayed a "deliberate indifference" to that risk. *Id.* The official responds with deliberate indifference when he: "(1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk". *Cleveland*, 938 F.3d at 676 (citation omitted).

Garcia fails to show defendants Lee, Carter, Beckham, and Thornton subjectively drew an inference that the dryer door posed a "substantial risk of serious harm" to Garcia. *Id.* He therefore fails to show the requisite deliberate indifference. Accordingly, summary judgment was proper for these defendants. *See id.* at 675–77.

Regarding Garcia's claim against Dr. Williams, "[i]n the context of medical care, a prison official violates the Eighth Amendment when [she] acts with deliberate indifference to a prisoner's serious medical needs". *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 754 (5th Cir. 2001). After Garcia was injured by the dryer door, he was taken to the infirmary and a hospital, and was diagnosed with a minor head injury and cervical strain. He was subsequently examined by Dr. Williams, who prescribed an anti-inflammatory drug. He was additionally examined by others in the infirmary, who prescribed muscle relaxers and showed him how to perform neck and back stretches to aid in his rehabilitation. The record shows Garcia was "afforded extensive medical care"; therefore, he fails to show the requisite deliberate indifference to his serious medical needs. *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015) (citation omitted). Accordingly, summary

No. 22-20357

judgment was also proper for Dr. Williams. *See Cleveland*, 938 F.3d at 675–76.

AFFIRMED.